**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALVIN SPADE,

Petitioner,

vs.

JOHN W. HAVILAND,

Respondent.

_______________________________/

No. CIV S-09-2124-GEB-CMK-P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's unopposed motion to dismiss the petition on the grounds that it is untimely and unexhausted (Doc. 17). Petitioner is challenging a November 2006 decision by the California Board of Parole Hearings ("Board") to deny him a parole date.

## I. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in

lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

### A. STATUTE OF LIMITATIONS

Respondent brings this motion to dismiss Petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d). Respondent argues the statute of limitations began running following the Board's November 27, 2006, decision, and expired well before the petition was filed in this case on July 31, 2009.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. See Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). In this case, the petition was filed on May 29, 2008, and therefore, it is subject to the provisions of AEDPA. AEDPA imposes a one-year statute of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2254(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). In habeas proceedings challenging an administrative decision, courts within the Ninth Circuit, relying on the opinions in Shelby and Redd, have determined that discovery of the factual predicate cannot occur until the administrative decision is final. See Shelby, 391 F.3d at 1065-66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal. Feb. 23, 2010); Webb v. Curry, 2010 WL 235073 (N.D. Cal. Jan. 21, 2010); Van Houten v. Davidson, 2009 WL 811596 (C.D. Cal. March 26, 2009); Wilson v. Sisto, 2008 WL 4218487 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, 2008 WL 2509509 (E.D. Cal. June 23, 2009)); see also Cal. Code Regs., tit. 15, § 2041(h), Cal. Penal Code § 3041(b) (Board decisions are final 120 days after the hearing).

/ / /

/ / /

Here, Petitioner was before the Board on November 27, 2006. The Board issued the decision denying Petitioner a parole date on that same date, November 27, 2006. However, the written decision specifically states the decision will be final on March 27, 2007. As stated above, federal habeas courts within the Ninth Circuit have determined that discovery of the factual predicate cannot occur until the administrative decision is final. Therefore, the statute of limitations period does not start to run until a parole denial is "final." In this case, the statue of limitations began on March 28, 2007, the day after the Board's decision became final. Respondent contends Petitioner filed his first state habeas petition on May 20, 2007. The California Supreme Court then denied his petition on July 9, 2008. Petitioner filed his federal habeas petition on July 31, 2009.

Calculating the statute of limitations period, Petitioner used 53 of 365 days prior to filing his first state habeas petition. Assuming the limitations period was tolled during the time his state habeas petitions were pending, the statute started to run again on July 9, 2008. Petitioner then waited over a year from the date the California Supreme Court denied his petition on July 9, 2008, until he filed his federal petition on July 31, 2009.[1] Therefore, Petitioner's federal habeas petition was untimely filed , and the motion to dismiss should be granted on this ground.

/ / /

/ / /

[1] There is some indication in his petition that Petitioner did not receive notification of the California Supreme Court's denial until June 11, 2009. However, in order for Petitioner's federal petition to be considered timely, he would have to show that he was entitled to equitable tolling of the statute of limitations. To be entitled to equitable tolling, the petitioner bears the burden to demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Failure to receive notification of the California Supreme Court's decision may be sufficient to show extraordinary circumstances. See Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001). However, Petitioner also has to prove diligence. As Petitioner did not file an opposition to this motion to dismiss, he has failed to make any showing of diligence. Therefore, equitable tolling is not available to Petitioner.

B. EXHAUSTION

Respondent also argues the claims raised in Petitioner's federal habeas petition are unexhausted as his state habeas petition was procedurally deficient.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before the federal court can grant a claim presented in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001).

In the instant case, the California Supreme Court summarily denied petitioner's habeas corpus petition with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). Duvall outlines the various procedural requirements for a state habeas petition. See 9 Cal.4th at 474. Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal. 4th at 474. A failure to comply with this requirement is a pleading defect subject to cure by amendment.

In addition, Respondent provides the court with the decisions of the Sacramento County Superior Court's decision, which specifically identifies Petitioner's failure to submit the entire transcript of his parole hearing as required. Instead, Petitioner only provided select portions of the transcript. The court therefore denied his petition without prejudice to his ability to refile the petition attaching the entire transcript. Petitioner failed to do so, instead choosing to file a petition with the California Court of Appeal. The California Court of Appeal then denied his petition with a citation to In re Steele, 32 Cal. 4th 682, 692 (2004) and In re Hillery, 202 Cal. App. 2d 293 (1962). This decision indicates a denial based on Petitioner's failure to raise his claims properly in the superior court. Petitioner then filed his petition in the California Supreme Court, which was denied with a citation to People v. Duvall, 9 Cal. 4th 464, as discussed above.

Accordingly, the undersigned concludes that Petitioner did not properly exhaust his claims in the California Supreme Court, and his federal petition is therefore unexhausted. Respondent's motion to dismissed should also be granted on this ground.

**II. CONCLUSION**

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE